UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                                                                                      08 CR 916(SLT)

    Against

Dennis Quinones,

                Defendant.
_____

## DENNIS QUINONES' SENTENCING MEMORANDA

                                                  Donald D. duBoulay
                                                Attorney for Dennis Quinones
                                                401 Broadway 25th fl.
                                                New York, New York 10013
                                                (212) 966-3970

**Donald D. duBoulay**　　　　　　　　　　　　401 Broadway, 25th Floor
Attorney at Law　　　　　　　　　　　　　　　New York, New York 10013

Telephone: (212) 966-3970
Fax　　　: (212)941-7108
E-mail　　: dondubesq@aol.com

July 22, 2011

Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Dennis Quinones
　　08 Cr. 916 (SLT)

Dear Judge Townes:

　　On October 27, 2011, Dennis Quinones, the defendant herein, appeared before Magistrate Judge Viktor V. Pohorelsky and entered a plea of guilty to a lesser included offense under Count four of the Indictment, to wit: participating in a conspiracy to distribute and possess with the intent to distribute marihuana. Pursuant to the executed plea agreement in this matter Mr. Quinones' offense conduct involved conspiratorial responsibility for at least 40 kilograms of marihuana. The plea agreement notes a Base Offense level of 20, a 3 point reduction in the base offense level for acceptance of responsibility (3E1.1(a)), a 4 point reduction in the Base Offense Level for Minimal role (3B1.2(a)), and a potential 2 point reduction for the Global disposition (5K2.0). Mr. Quinones has also qualified for a 2 point safety valve reduction in the Base Offense level, per U.S.S.G. 5C1.2. (The government does not include this calculation in plea agreements). With a Criminal History Category of I, Mr. Quinones's, effective sentencing range is 4-10 months. A sentence date has not been set for Mr. Quinones.

　　This letter is submitted to aid the Court in its determination of the appropriate sentence consistent with the statutory directives set forth in 18 U.S.C. 3553 (a). The overarching mandate of 18 U.S.C. 3553 (a)(1) is for consideration of the nature and circumstances of the offense and the history and characteristics of the defendant. This provision provides that courts shall impose a sentence sufficient but not greater than necessary to comply with the purposes set forth therein.

2

### I.     Introduction and Nature and circumstances of the offense

Mr. Quinones, 37, is a lifelong resident of Queens New York. He was raised under lower middle income circumstances, in a stable and loving family environment. He remains close to his siblings and elderly parents to this day.

A high school dropout, Mr. Quinones nonetheless has always found employment and supported himself. His closest friends report that Dennis is a nice guy, always giving to friends and hangers on, as he was always employed.

After a series of jobs, Quinones, found his true calling. He found work in the construction industry in or about 1997. The physical labor appealed to him. He eventually joined a union (Local 29) and secured reasonably steady work, as a drill runner. As indicated in the Pre-sentence report, on September 20, 2006, Quinones was severely injured on the job when a135 pound steel drill rod slid off its harness, striking him in the head and shoulder and back area. The severity of the injury caused Mr. Quinones to be unable to work and to be placed on permanent disability.

In the immediate aftermath of the injury, Quinones suffered from unbearable pain in his shoulder and back area and numbness in his fingertips. The initial treatment involved physical therapy and a steady diet of pain medications such as Vicodin, an extremely addictive pain medication. After two years of enduring the incessant pain, in 2008, Quinones underwent cervical spinal fusion surgery, in an effort to alleviate the constant pain.

Medical records during this period reveal that Mr. Quinones also suffered from depression caused by his inability to work and the intermittent yet constant pain in the back area. He continues to be treated with Vicodin and other pain relievers.

It was during this period of inactivity and depression that Mr. Quinones in late 2008 reacquainted with Walter Baus, a co-defendant, with whom he knew from their High School days. Quinones began regularly hanging out at Baus' house. It was through Baus that Quinones met Greg Gantz another co-defendant and a primary mover in this Indictment.

Out of friendship with Baus and his new 'friend' Gantz, Quinones who had no prior involvement with marihuana distribution, agreed to let his friends use his car to travel to an Indian reservation for Gantz to discuss obtaining cigarettes (at least that was the initial story), for a business venture Gantz had planned. Quinones later found out that the trips to the reservation concerned obtaining marihuana and allowed himself to be used to ferry Gantz to the reservation to discuss obtaining marihuana for Gantz's business.

As the presentence report indicates Mr. Quinones has a long history of drug usage. As a result of his lapse into usage while on Pretrial release, this court remanded Mr. Quinones for almost six weeks in 2009. Mr. Quinones was then placed in a residential drug treatment program for over nine months. He has successfully completed the rehabilitation program, and since July 13, 2010 when he was released from the program, he has remained drug free. He has indeed changed his life, albeit with a little help from

the Court. Mr. Quinones has recently married and returned to work, against the advice of his doctors. He is simply tired of sitting around doing nothing productive. His union (local 29) attempts to place him in positions where he does not have to do any heavy lifting or other strenuous manual labor. So far so good.

## Conclusion

In the final analysis, after considering the sentencing guidelines and the 3553 (a) factors, the Court is tasked with imposing a just sentence on the defendant. In the end, I recognize and respect that to whatever extent the evolution of the law permit's a court's discretion to fashion an appropriate sentence, such a decision is not an easy one for the court. I ask that the court consider the significant changes that have occurred in Mr. Quinones life; his marriage and consequent settling down, his ability to live drug free, and his constant fight to address the physical ailments that still afflict his body and spirit. Mr. Quinones has qualified for the safety valve reduction in the Base Offense Level, reflecting a considered decision on his part to truthfully and unreservedly speak about his activity in this matter. To paraphrase the Second Circuit In *United States v. Fernandez* 443 F.3d 19 (2d Cir.2006), "[proffering] is important because of what light it might shed on the character of a defendant, whether it shows the defendant has recognized the full implications of the choices they made in the past; whether they have decided to make a clean and full break with that and change their life in a significant way. On occasion [proffering ] really is a reflection of a dramatic change in the person's life. And that resonates in a way, in all ways that one must consider a sentence, including the likelihood of rehabilitation, the necessity for individual deterrence, the need for additional punishment beyond that already imposed and suffered by the defendant." at 24.

It is respectfully submitted that Mr. Quinones has changed his life, although only a marginal player in this conspiracy, he fully acknowledges the risk to his freedom and life that he took with his ill conceived involvement with his codefendants and he is thankful for the opportunity the Court gave him to confront his personal demon of drug addiction.

                                                          Respectfully submitted,

                                                          __/s/_____
                                                          Donald D. duBoulay

cc: Steven L. Tiscione,Esq, AUSA (via ECF)
    Dennis Quinones